IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMANDA ENSING,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 3:21-cv-00421<br>)   Judge Campbell/Frensley |
| SEPHORA USA, INC.,<br>DEBORAH YEH, and<br>DOES 1-1000,<br>    Defendants. | )<br>)<br>)<br>) |

## ORDER

### I. INTRODUCTION

In this defamation action, Plaintiff Amanda Ensing alleges that Defendants Sephora USA, Inc. ("Sephora"), Deborah Yeh, and various unknown persons (collectively, "Defendants") "made false and defamatory statements online about Ms. Ensing, exposing her to public hatred, ridicule, and contempt, and costing Ms. Ensing her business and brand as a social media beauty influencer." Docket No. 1, p. 1. Defendants have filed a Motion to Dismiss based on several alternative grounds, including lack of personal jurisdiction, improper venue, and Ms. Ensing's alleged failure to establish a prima facie case in support of each element of her claim under the Tennessee Public Participation Act ("the TPPA"), Tenn. Code Ann. § 20-17-101 *et seq*.[1] Docket No. 13. That Motion is pending.

This matter is now before the Court upon a "Motion of Sephora USA, Inc. and Deborah Yeh to Stay Discovery During the Pendency of Their TPPA Petition." Docket No. 36. Sephora and Ms. Yeh (collectively for the purposes of this Motion, "Defendants") have also filed a

---

[1] The TPPA is Tennessee's "anti-SLAPP" statute, designed to prevent a Strategic Lawsuit Against Public Participation.

Supporting Memorandum. Docket No. 37. Ms. Ensing has filed a Response in Opposition and Defendants have filed a Reply. Docket Nos. 38, 41. For the reasons set forth below, Defendants' Motion (Docket No. 36) is **GRANTED IN PART** and **DENIED IN PART**.

## II. LAW AND ANALYSIS

Defendants contend that discovery in this matter should be automatically stayed pursuant to the TPPA's provision that:

> All discovery in the legal action is stayed upon the filing of a petition under this section. The stay of discovery remains in effect until the entry of an order ruling on the petition. The court may allow specified and limited discovery relevant to the petition upon a showing of good cause.

Tenn. Code Ann. § 20-17-104(d); *see* Docket No. 37.

Ms. Ensing responds that "the TPPA's *automatic-stay provision* . . . does not apply in federal court." Docket No. 38, p. 7 (emphasis in original). She argues that discovery should proceed as usual, governed by the Federal Rules of Civil Procedure and the Local Rules. Docket No. 38. In the event the Court finds that the TPPA does apply, Ms. Ensing asserts that she is entitled to the "specified and limited discovery" allowed under the automatic stay provision. *Id.* at 8-9. Specifically, she requests that discovery proceed as to:

> (1) the internal communications of Defendants that led to the publication of Defendants' allegedly defamatory statements; (2) a deposition of Ms. Yeh regarding her allegedly defamatory statements; and (3) the Rule 30(b)(6) deposition of Sephora USA, Inc. ("Sephora") regarding its allegedly defamatory statements, as well as its contacts with Ms. Ensing and the State of Tennessee, as those issues apply to the jurisdictional arguments set forth in the motion to dismiss.

*Id.* at 9 (footnote omitted).

The issue of whether state anti-SLAPP laws such as the TPPA apply in federal court is a fairly new one; the Court of Appeals for the Sixth Circuit has not specifically addressed it in this context, and the limited amount of case law at the district level illustrates various possible

2

constructions.  *See, e.g., The Lampo Group, LLC v. Paffrath*, No. 3:18-cv-01402, 2019 WL 3305143 (M.D. Tenn. July 23, 2019); *Vangheluwe v. Got News, LLC*, 365 F. Supp. 3d 836 (E.D. Mich. 2019).  The question of whether to apply the TPPA to this matter is currently pending before the District Judge in the form of Defendants' Motion to Dismiss (which Defendants have termed their TPPA Petition).  *See* Docket Nos. 13, 14, 25, 29.  Under the circumstances, the Court finds that it is the better exercise of judicial discretion to allow the issue to be resolved in the determination of that Motion.

Without deciding the question of the TPPA's application, at this time the Court will allow limited discovery as to jurisdiction and venue only. The Court has the authority under Rule 26(b)(2)(C) to limit the frequency or the extent of discovery otherwise allowed by the Rules.  The Sixth Circuit has observed that "the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Surles v. Greyhound Lines, Inc.*, 474 F. 3d 288, 305 (6th Cir. 2007), *quoting Scales v. J. C. Bradford*, 925 F. 2d 901, 906 (6th Cir. 1996). "The revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery." *Surles,* 474 F. 3d at 305.

The Court also possesses inherent authority to manage litigation. As noted by the First Circuit, "[a]s lawyers became more adept in utilizing the liberalized rules . . . [t]he bench began to use its inherent powers to take a more active, hands on approach to the management of pending litigation." *In re San Juan DuPont Plaza Hotel Fire Litigation*, 859 F. 2d 1007, 1011 (1st Cir. 1988). "The judiciary is 'free, within reason to exercise this inherent judicial power in flexible pragmatic ways.'" *Id*. at 1011, n.2, *quoting HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Ins.*, 847 F. 2d 908, 916 (1st Cir. 1988).

In addition, under Rule 26 "[t]here is now a specific duty for the court and the parties to consider discovery in the light of its 'proportional[ity] to the needs of the case . . . .'" *Turner v. Chrysler Grp. LLC*, No. 3:14-1747, 2016 U.S. Dist. LEXIS 11133, at *2, (M.D. Tenn. Jan. 27, 2016), *quoting* Fed. R. Civ. P. 26(b)(1). The following factors are relevant to a consideration of whether the scope of discovery is proportional:

(1) the importance of the issues at stake in the action,
(2) the amount in controversy,
(3) the parties' relative access to relevant information,
(4) the parties' resources,
(5) the importance of the discovery in resolving the issues, and
(6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (numbering added). "Nevertheless, the scope of discovery is, of course, within the broad discretion of the trial court." *United States v. Carell*, No. 3:09-0445, 2011 U.S. Dist. LEXIS 57435 at *5 (M.D. Tenn. May 26, 2011), *quoting Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (internal quotation marks omitted).

Under its inherent authority, the Court finds that it is in the interests of justice and judicial economy to allow discovery on the question of proper jurisdiction and venue, as this issue is foundational and must be settled regardless of whether the TPPA ultimately governs the lawsuit. Further, after consideration of all of the factors set forth in Rule 26(b)(1), the Court finds that this discovery is appropriate and proportional to the needs of the case at this time.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion (Docket No. 36) is **GRANTED IN PART** and **DENIED IN PART**. Pending further action by the Court, the Parties may pursue discovery only as it relates to the issues of proper jurisdiction and venue. The continued Initial Case Management Conference scheduled for October 27, 2021 (*see* Docket No. 35) is **CANCELED**, to

be reset if necessary after a ruling on Defendants' Motion to Dismiss. If appropriate, a Scheduling Order will be entered following the conference.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**